[No. 29309.    Department One.    November 17, 1944.]

TERESA KELLY, *Respondent,* v. THE VOGUE, *Appellant.*[1]

*Graves, Kizer & Graves,* for appellant.

*Edge, Davenport, Keith & dePender* and *James A. Williams,* for respondent.

GRADY, J.—This action was brought by the respondent against the appellant to recover damages for injuries alleged to have been sustained by her as the result of the negligence of appellant.   There was a trial before the court and a jury,

[1]Reported in 153 P. (2d) 277.

and it resulted in a verdict for the respondent. A judgment was entered on the verdict, and the appellant has taken this appeal.

The factual situation which the jury had a right to find from the evidence is as follows: The appellant operated a millinery store in the city of Spokane. A salesroom was located on the ground floor. At the rear of the salesroom was a balcony, on which there was a workroom. The balcony was eight feet above the salesroom floor. They were connected with a stairway consisting of eleven steps. It was approximately thirty-five inches in width. There was a partition on each side of the stairway down to where it turned. The stairway made a straight descent for the first seven steps and then made a turn to the right. Three steps made a right-angle turn. These steps were "V" shape with the narrow ends at their right and spread to their left out to a width of about eighteen inches. All the steps except the three making the turn had a uniform tread of nine inches. The tread of each step extended beyond the riser. There was no handrail on either side of the stairway.

On the occasion in question, respondent, an employee, descended the stairway, and, when she stepped on the first step of the turn, the eighth in the series, the outer and extreme forward edge of that step gave under her weight, causing her to fall to the floor of the salesroom and sustain injuries.

The acts of negligence alleged in the complaint were that the step from which respondent fell had become so worn, splintered, and defective at its outer edge as to make it unsafe, and that there was a violation of § 390 of ordinance No. C5781, which provides, so far as is material to this case, that "All stairs shall be provided with suitable hand-rails and must be kept in good and safe repair."

The answer of the appellant set forth two defenses, contributory negligence and assumption of risk.

Appellant contends that the evidence establishes the fact that the cause of respondent's falling was the turning of her ankle when she put her foot on the step, and not that the edge of the stair gave under her foot. The respond-

ent was questioned in detail, both on her direct and her cross-examination, as to how she happened to fall when she stepped on the eighth step, and the jury could have concluded from her testimony and other evidence as to the condition of the edge of the step right after the accident that, when her foot contacted the step, the edge gave, causing her to lose her balance and fall. The situation presented a question for the jury to determine as to what caused the respondent to fall. The cases cited by appellant in support of its argument on this phase of the case are those in which it appears that the cause of the injury rested in speculation and conjecture, and, hence, are not applicable to this case.

Even though we accept the version of appellant as to the cause of the fall, the verdict of the jury on this branch of the case would have to stand. The violation of the ordinance in failing to have the stairs provided with handrails was negligence on the part of appellant. The jury might have concluded that, if the ordinance had been obeyed, respondent could have prevented her fall, and that such negligence was a proximate cause of her injury.

On the question of the contributory negligence of appellant, it is urged that any defect there might have been in the stair was open and apparent to her, and, by the exercise of reasonable care in descending the stairway and stepping on the wide part of the step, she could have avoided falling. It does not appear that respondent descended the stairway in any other way than the usual and proper way. There was nothing to indicate to one about to use the stairway that any part of any step might give when the weight of a person was put upon it. All the factors urged by appellant as indicating negligent conduct on the part of respondent were for the consideration of the jury, and it cannot be said as a matter of law that the only conclusion to be drawn from the evidence is that respondent was negligent and such negligence contributed to her injury. What was said by this court in the cases cited by appellant relates to the factual situations presented in them. They pronounce correct principles of law and apply them to situations in which the facts were such that but one conclusion could reasonably have

been reached. This case belongs to that class in which we have held that the question of contributory negligence is for the jury to determine.

The argument of appellant on the issue of assumption of risk is twofold. One is that any hazard or risk that existed in the use of the stairway was open and known to respondent and was incidental to such use; and the other is that the ordinance above referred to does not have the legal effect of taking away from appellant the defense of assumption of risk if violated in the respect asserted.

On the first branch of the argument, it is sufficient to say that the court fully and correctly instructed the jury on the law applicable to the defense tendered. The evidence was sufficient to make factual questions for the jury's determination. No sufficient reason has been given why the verdict on this part of the defense should not be sustained.

■ The court instructed the jury as follows:

"I further instruct you that the plaintiff assumed no risk in connection with defendant's violation, if any, of Sec. 390 of Ordinance No. C-5781 of the City of Spokane."

The appellant recognizes that the legislation such as factory and other acts requiring specific safeguards for dangerous machinery and in places where labor is performed, has been held by courts to have the effect of taking away the defense of assumption of risk when not obeyed, but argues that it cannot be said that a comprehensive building code and zoning ordinance like ordinance No. C5781 of Spokane has for its purpose the protection of workmen or was intended to affect the relationship of employer and employee.

The law on this subject has been one of progressive development. The early legislation was directed towards activities in which the hazard to workmen was great, such as the operation of mines, factories, railroads, and so forth. Some of the statutes, by express terms, abolished the defense of assumption of risk. Other statutes did not so provide, but courts held they had the same effect. Their validity was challenged, but they were sustained on the theory that, in their enactment, the states were exercising their

police powers in the preservation of the safety of workmen. The basis for the holding that such a statute abolished the doctrine of assumption of risk was that, although assumption of risk is a term of the contract of employment, express or implied from the circumstances of the employment, by which the employee agrees that hazards and risks incident to his employment shall be his own, the courts will not regard such an agreement as a waiver of the performance of a statutory duty imposed upon the employer for the protection of the employee, as to do so would be to nullify the object of the statute.

The rule and the reason therefor was pronounced in *Narramore v. Cleveland etc. R. Co.*, 96 Fed. 298, 48 L. R. A. 68, and followed by this court in *Green v. Western American Co.*, 30 Wash. 87, 70 Pac. 310; *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915; *Depre v. Pacific Coast Forge Co.*, and cases cited, 151 Wash. 430, 276 Pac. 89; *Hatcher v. Globe Union Mfg. Co.*, 170 Wash. 494, 16 P. (2d) 824.

The development of the law has led to the enactment of statutes for the protection of workmen engaged in less hazardous work than was covered by the earlier ones, and these were followed by ordinances of cities having the same purpose. Such ordinances are an exercise of the police power of the municipality. If any part of them are safety measures, the doctrine of assumption of risk is likewise abolished by them. *Moore v. Dresden Inv. Co.*, 162 Wash. 289, 298 Pac. 465, 77 A. L. R. 1258.

In its requirement that "All stairs shall be provided with suitable handrails and must be kept in good and safe repair," § 390 of ordinance No. C5781 is clearly for the protection of employees in buildings and the public rightfully in them. The city of Spokane had the right to recognize that stairways without handrails constitute a hazard to employees using them, and to voice that recognition in an ordinance, even though it is a comprehensive building and zoning code relating to many other things germane to such general subjects. *Montgomery Ward & Co., Inc. v. Snuggins*, 103 F. (2d) 458; *American Nat. Bank v. Wolfe*, 22 Tenn. App. 642, 125 S. W. (2d) 193. The same effect should

be given to the ordinance as is given to the ordinances and statutes referred to in the cases we have cited.

The judgment is affirmed.

SIMPSON, C. J., JEFFERS, STEINERT, and MILLARD, JJ., concur.

December 22, 1944. Petition for rehearing denied.