[No. 42249.    En Banc.    September 28, 1972.]

ROBERT KNESS, *as Guardian, Appellant,* v. TRUCK TRAILER EQUIPMENT COMPANY, *Respondent.*

*Jackson, Ulvestad & Goodwin, Daniel G. Goodwin,* and *James A. Grutz,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Craig P. Campbell,* and *Steven V. Lundgren,* for respondent.

HALE, J.—When Russell M. Waite, Jr., was injured in an automobile accident while driving home after working a double shift, he had not yet reached the age of 18. In this

action against his employer, the main question is whether violation of the state's regulations limiting employment of minors to one 8-hour shift constituted negligence as a matter of law. Russell's father-in-law, Robert Kness, commenced suit in Russell's interest as guardian ad litem. Russell Waite, Sr., obtained the job for him at Truck Trailer Equipment Company in June, 1967, telling the company that, although his son was only 17 years old, the boy needed the work because he was married.

Defendant's business is largely that of repairing and servicing large trucks and manufacturing trailers for commercial use. As a major part of its operation, it operated a truck service station, and young Waite was assigned the job of service station attendant. His duties included refueling the trucks with either gasoline or diesel oil, checking the oil and water, testing the tires with a hammer and putting in air if necessary, washing the windshields, and doing all of those things ordinarily expected of a service station attendant. He did not perform mechanical repairs and there was nothing about the job which appeared to be too difficult, taxing or arduous for a young man of 17 years.

Both Russell and his father lived in Burlington—a community north of Everett and about 70 miles from the job. During the approximately 7 months preceding the accident that Russell worked for Truck Trailer Equipment Company, Russell's father, who worked nearby, regularly stopped for Russell at his house in Burlington in the morning, took him to his job and drove him home in the afternoon; his father did the driving.

January 19, 1968, Russell, while still only 17 years old, rode to work as usual with his father and clocked in at 7:56 a.m. During that first shift, he was asked by a fellow employee if he would also work the evening shift for him. Russell agreed to work the double shift that day, discussed it with the station manager and, because he would not be able to ride with his father, requested transportation home. The truck service station manager then asked permission of Mr. DeVore, one of the owners of defendant Truck Trailer

Equipment Company, for Russell to drive the defendant company's Ford Econoline truck to his home in Burlington that night after he had completed the second shift. Mr. DeVore assented to Russell's taking the 1964 van-type truck home after the second shift.

Russell punched out at 11:42 p.m. after working the second shift. There was testimony that some 12 minutes earlier, at about 11:30, he had telephoned his wife to tell her that he would stop to get a hamburger on the way home and for her not to wait up for him. He had called her earlier that evening at 8 p.m., explaining that it was raining heavily in Seattle where he worked. There was evidence that Russell, after his working shift, customarily took a shower in facilities at the service station.

At about 2:30 a.m., while driving home in the defendant's truck, Russell ran into a concrete pillar supporting a railroad overpass over the northbound lanes of Interstate 5 at a point about 5.2 miles north of Marysville. He sustained very serious and permanent injuries and, because of an amnesia induced by the impact, was unable to relate the circumstances leading up to the accident. He could remember nothing whatever about it, he said. A state trooper testified that Russell's truck struck a retaining wall, drifted across three lanes and struck the pillar without first slowing, indicating a sleeping driver. From a verdict for the defendant and judgment entered thereon, plaintiff now appeals and summarizes the question as follows:

> The sole issue presented in this appeal is whether the Child Labor Laws of the State of Washington and the regulations promulgated pursuant thereto apply to the factual situation presented. Stated in another way, do the Child Labor Statutes and Regulations have any bearing on defendant's civil responsibility to the plaintiff and if so, what effect do they have.

The main assignments of error, we think, are those directed to the court's refusal to instruct the jury that by statute and regulation minors are not to be employed more than 8 hours in any 1 day except in seasonal industries or

in case of emergency, and that violation of a statute or lawful regulation governing the employment of minors is negligence as a matter of law. These points, with respect to the negligence arising from a violation of a positive statute and lawful state regulation governing the employment of minors, are, we think, well taken.

Since 1913, this state has had a code of statutes and regulations designed to provide special protection for women and children from conditions of labor "which have a pernicious effect on their health and morals." Laws of 1913, ch. 174, § 1, p. 602; RCW 49.12.010. That statute created and authorized the industrial welfare commission—subsequently called "committee"—to establish reasonable "standards of wages and conditions of labor for women and minors." RCW 49.12.030. The industrial welfare commission was empowered to issue orders governing the condition of labor for minors in a particular occupation or industry. RCW 49.12.120. RCW 49.12.170 makes it a misdemeanor to employ a minor under conditions of labor prohibited by order of the committee or in violation of RCW 49.12.010 through RCW 49.12.180.

■ That young Waite, under the state labor statutes and regulations, would be deemed a minor even though married, is seen in WAC 296-125-015 promulgated by the industrial committee defining a minor as a person of either sex under the age of 18 years, and making no exception due to marital status. The want of such an exception appears to be consistent with the declared purposes of the statutes and regulations, and tacitly recognizes that married persons, because of the responsibilities of marriage, might well be inclined to waive the protection afforded and accept the evils forbidden by the regulations intended to protect minors. We find no substantial reasons, therefore, why marriage would remove a minor from the very class that the statute is specifically designed to protect. To give full effect to the legislative purpose under the labor statutes affecting minors, an individual of either sex, though married, thus

remains a minor under the laws governing regular employment in this state until he reaches his 18th birthday.

Lack of notice or knowledge that the employee is a minor affords no defense on the merits. The industrial committee requires work permits for the employment of minors (WAC 296-125-010), which permits the employer, before putting the minors to work, must obtain from the division of women and minors of the Washington State Department of Labor and Industries (WAC 296-125-020). The permit shall be kept in the employer's files until the minor has attained the age of 18 years or the employment has been terminated. WAC 296-125-040. Defendant had not applied for and, therefore, had not received a work permit from the division and had none on file pertaining to Russell Waite, Jr.

Plaintiff's claim of negligence against the defendant employer arises chiefly from WAC 296-125-025 (3) (d), limiting the hours for employment of minors as follows:

Minors 16 and 17 years of age shall not be employed more than eight hours in any one day or five days in any one week, except in seasonal industries or in case of emergency.

Relying upon the general rule that violation of a statute or lawful regulation is negligence as a matter of law, plaintiff claims that, under the regulation, defendant was negligent per se in working its minor employee for two consecutive 8-hour shifts during the same day. He asks a more expansive ruling, however, that not only is violation of a statute or regulation negligence per se generally but also that the particularly described negligence in this case of employing the minor for more than 8 hours on January 19, 1968, constituted a proximate cause of the minor's injuries, rendering defendant liable as a matter of law.

Defendant, meeting these contentions directly, contends, *inter alia,* that the 8-hour work limitation was not intended to and did not establish a standard applicable to civil actions and is, therefore, irrelevant; that the 8-hour regulation is a safety regulation affecting on-the-job conditions;

that it has no application to accidents occurring after working hours and outside the scope of the employment; that the violation, if any, was not negligence per se, but, if held to be negligence per se, could not be said to be the proximate cause of plaintiff ward's injuries; and that the young man both was contributorially negligent and had assumed the risks of injury as a matter of law so as to preclude his recovery.

The issues in this appeal, as we see them, are whether the jury should have been instructed that it was unlawful to employ a minor in excess of 8 hours in any 1 day and that doing so constituted negligence; and whether the issue of proximate cause should be decided by the jury. Plaintiff's proposed instructions 14, 16, 18 and 19 each embodied these ideas and it was error, we think, to decline to give an instruction of that kind.

█ The regulation limiting the employment of a minor to not more than 8 hours' work in 1 day is relevant to the accident, we think, because it has to do with the physical condition of a minor employee at a time when, in the ordinary course of events, he might be expected to be operating a motor vehicle en route home. An employer, circa 1971, although he assumes no particular control or attendant responsibility for minors generally, is bound to observe the regulations as to the hours of labor as these regulations affect their physical condition during a reasonable time immediately following the end of the workday. These regulations were instituted in part to prevent overwork and consequent extraordinary fatigue among the young who regularly work for a living. The regulation contemplates, as do many others affecting minors specifically, that the minor possesses insufficient judgment to protect himself from overwork and excessive fatigue and that the state has found it necessary to intervene so as to save the minor from the deleterious consequences of his own faulty judgment.

There is another obvious reason, too, for the regulation having to do with the fatigue factor, and that is the idea of competition in obtaining and keeping a job. The regulation

prevents minors from engaging in unbridled competition on the job in order to retain it, and militates against voluntarily working long and unusual hours in the interest of economic survival. Designed to prevent such untrammelled competition, the statutes and regulations are intended in some degree to save the minor from his inexperience and the totally free exercise of an immature judgment. The application and the enforcement of the regulation is thus designed to prevent the minor from finishing the day overtired and overfatigued. A violation of the regulation limiting the employment of minors to 8 hours in 1 day is thus not only negligence on the employer's part but relevant to the physical and mental condition of the employee on his journey homeward undertaken with reasonable dispatch at the end of the workday. This negligence, while not determinative, may be considered by the jury in resolving the issue of proximate cause.

In deciding whether violation of a public law or regulation shall be considered in determining liability, the *Restatement (Second) of Torts* § 286 (1965) properly states the rules:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

This court has substantially adhered to these principles in a number of cases: *Schneider v. Yakima County,* 65 Wn.2d 352, 397 P.2d 411 (1964); *Currie v. Union Oil Co.,* 49 Wn.2d 898, 307 P.2d 1056 (1957); *Cook v. Seidenverg,* 36 Wn.2d 256, 217 P.2d 799 (1950); and *Gardner v. Seymour,* 27 Wn.2d 802, 180 P.2d 564 (1947).

Accordingly, where there exists prima facie a discernible causal connection between the violation of a statute or lawful regulation and an injury, and if the Restatement tests for relevance are met, the jury is properly advised that the violation amounts to negligence per se. Proximate cause then becomes an issue of fact to be resolved by the trier of the facts unless it is so apparent that the court can rule as a matter of law that reasonable minds could not reasonably differ as to the proximate cause. *Gardner v. Seymour, supra; Kelly v. The Vogue*, 21 Wn.2d 785, 153 P.2d 277 (1944); *Berry v. Farmers Exchange*, 156 Wash. 65, 286 P. 46 (1930). Stated another way, if plaintiff, at the time of the events producing the injury, was of the class the statute was intended to protect and the injury was of the type the statute was designed to prevent, the question of whether the violation is negligence per se is one for judicial determination as a matter of law and the issue of proximate cause—unless it is so clear as to be established as a matter of law—remains for the determination of the trier of the facts. *See* Prosser, *Torts* § 36 (4th ed. 1971). Thus, we think that the jury, as earlier indicated, should have been told that the defendant employer was negligent in allowing young Waite to work a double shift. The question of whether that negligence proximately contributed to his injuries should have been submitted to the jury as a question of fact. *France v. Peck*, 71 Wn.2d 592, 430 P.2d 513 (1967); *Gardner v. Seymour, supra; Mathers v. Stephens*, 22 Wn.2d 364, 156 P.2d 227 (1945).

Reversed and remanded for a new trial in accordance herewith.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, NEILL, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied November 14, 1972.