George **CAMPBELL**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 72–1207.

United States Court of Appeals,
Ninth Circuit.

Feb. 14, 1974.

R. M. Holt (argued), Cushman, Thomas & Holt, Issaquah, Wash., for plaintiff-appellant.

Thomas P. Giere, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., for the United States.

---

Robert P. Piper, Seattle, Wash., for Eagle Construction.

Before CHAMBERS and KOELSCH, Circuit Judges, and BURNS,* District Judge.

BURNS, District Judge.

Plaintiff brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346, for injuries sustained on a job being performed by his employer under contract with the Army Corps of Engineers. At the trial, the District Judge ruled against plaintiff on the basis that the Government owed him no duty under the circumstances of this case. Plaintiff appeals. We affirm.

The Army Engineers contracted with Eagle Construction Company, Plaintiff's employer, to construct a drainage tunnel through a hill to carry seepage water away from the Howard Hanson Dam, located in Green River, Washington. A falling rock severely injured Plaintiff while he was drilling on the face of the hillside near the end of the tunnel. He claims that the Government is liable for failing to take proper precautions to protect workers from falling rocks.

The contract between the Army Engineers and Eagle provided for the Government to have a resident inspector on the project to insure compliance with the contract terms. Government personnel took part in safety meetings to make sure that the project was carried out pursuant to applicable safety regulations. (Regulations of both the Army Engineers and the State of Washington.) However, Army Engineer personnel took no part in directing Plaintiff's job performance and played no role in the drilling activities. The District Court held that under Washington law, the right to inspect and supervise proper contract compliance does not vitiate the independent contractor relationship. Hence, it held the Government, as contractee, owed no duty to Plaintiff, as employee of the Government's independent contractor.

■ If the Defendant in this action had been a private contractee, Washington law would control issues regarding liability. Therefore, Washington law governs the liability of the United States in this Federal Tort Claims case. United States v. Cline, 410 F.2d 1337 (9th Cir. 1969).

■ Appellant challenges the District Court's legal rulings and relies heavily on Thorne v. United States, 479 F.2d 804 (1973). Such reliance is misplaced. *Thorne* was predicated on California law, which permits the employee of an independent contractor to recover from the contractee for the torts of the contractor where the work involved is intrinsically dangerous. However, Washington law is to the contrary. Epperly v. Seattle, 65 Wash.2d 777, 399 P.2d 591 (1965). *Thorne* itself recognized that state law may differ regarding this issue, 479 F. 2d at 809. Our task is not to decide whether Washington's rule is wiser than that of California, but rather to apply the law of the state where the accident occurred. The District Court correctly recognized that *Epperly* precludes recovery under the circumstances of this case.

Appellant also contends that two recent Washington cases, Jackson v. Standard Oil, 8 Wash.App. 83, 505 P.2d 139 (1972), and Kness v. Truck Trailer Equipment Co., 81 Wash.2d 251, 501 P. 2d 285 (1972), suggest that the Washington courts are in the process of abandoning *Epperly*. We conclude that nothing in these decisions suggests either the commencement or carrying out of such an abandonment.

The judgment of the District Court is affirmed.

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.