[No. 10136–6–I.   Division One.   May 23, 1983.]

DANIEL H. SOLOMONSON, *Appellant,* v. ROBERT R. MELLING, ET AL, *Defendants,* DUDLEY LONG, ET AL, *Respondents.*

---

*William Rush,* for appellant.

*Davies, Pearson & Anderson, Bertil F. Johnson, Jr.,* and *John Kouklis,* for respondents.

ANDERSEN, C.J.—

### FACTS OF CASE

The plaintiff, Daniel H. Solomonson, appeals the trial court's entry of a judgment for the defendants following a defense verdict in a personal injury action. We reverse and remand for a new trial on the issue of damages.

The accident occurred at midmorning on the East–West Road, a road in the industrial tideflats area just north of Tacoma. The plaintiff had pulled his pickup truck off the traveled portion of the roadway. As the defendants' logging truck towing an empty log trailer approached the plaintiff's vehicle, the trailer unit suddenly broke loose. It completely parted from the logging truck and collided with the rear of the plaintiff's vehicle.

The defendants' logging truck and the empty trailer which broke away from it were connected together by a rudimentary device. A hole in the part of the towing linkage attached to the logging truck was aligned with a hole in

the part attached to the trailer, and the two were then coupled together by dropping a simple clevis pin through the resulting single hole. With the pin in place, the logging truck could tow the empty trailer but without the pin in place, it could not. There was no threaded nut, cotter key or other fastening device to ensure that the pin stayed in place, and there was nothing other than the pin to secure the empty trailer to the truck pulling it.

The pin, referred to in the testimony as a "compensator pin", was discovered missing by the Washington State Patrol officer who investigated the accident. It was never located. No other parts of the logging truck and trailer were missing.

As conceded in the defendants' brief, "[a]lthough it was evident that something had happened to the compensator pin, it was not known what." Brief of Respondents, at 4. The defendant in his testimony also conceded as follows:

Q Now, if that compensator pin comes out of your truck, what will happen to the trailer?
A It will come off.
Q Separate?
A Yes.
Q Is there anything that will prevent the trailer from just going loose down the roadway?
A No.
Q There are no chains or devices that prevent it from just going loose?
A Not when it's empty.

And further:

Q It's your testimony, I gather, Mr. Long, that you had no device that would lock that compensator pin in on that particular truck and trailer?
A No.
Q And you knew that if an empty log truck took a bump at the wrong angle, the compensator pin would come out or could come out? You knew that?
A Yes.
Q And you knew that if the compensator pin came out, without having any chains on your truck to prevent the trailer from going loose, it would just fly free

wherever its direction led it?

A Yes.

It was the plaintiff's theory that the unfastened pin had simply bounced out when the truck and trailer went over bumps in the road near the accident scene.

Plaintiff's motion for a directed verdict on liability was denied. There were substantial issues concerning injuries and damages.[1] The case was submitted to the jury on both liability and damage issues. No special interrogatories were submitted to the jury. A general verdict finding for the defendants was returned; plaintiff's motion for judgment notwithstanding the verdict or for a new trial was denied; and judgment for the defendants was entered. This appeal followed.

One issue is determinative of the appeal.

## ISSUE

Did the trial court err by not directing a verdict for the plaintiff as to liability?

## DECISION

CONCLUSION. Yes. There was negligence per se in the trailer parting completely from the logging truck when the clevis pin came out and the defendants are liable for the injuries and damages resulting from the ensuing collision between the runaway trailer and the plaintiff's vehicle.

■■ The concept of negligence per se is well expressed in *Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 257–58, 501 P.2d 285 (1972):

In deciding whether violation of a public law or regulation shall be considered in determining liability, the *Restatement (Second) of Torts* § 286 (1965) properly states the rules:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the

---

[1] No claim for damage to the plaintiff's vehicle is involved in this case.

one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

This court has substantially adhered to these principles in a number of cases: *Schneider v. Yakima County,* 65 Wn.2d 352, 397 P.2d 411 (1964); *Currie v. Union Oil Co.,* 49 Wn.2d 898, 307 P.2d 1056 (1957); *Cook v. Seidenverg,* 36 Wn.2d 256, 217 P.2d 799 (1950); and *Gardner v. Seymour,* 27 Wn.2d 802, 180 P.2d 564 (1947).

Accordingly, where there exists prima facie a discernible causal connection between the violation of a statute or lawful regulation and an injury, and if the Restatement tests for relevance are met, the jury is properly advised that the violation amounts to negligence per se. Proximate cause then becomes an issue of fact to be resolved by the trier of the facts unless it is so apparent that the court can rule as a matter of law that reasonable minds could not reasonably differ as to the proximate cause. *Gardner v. Seymour, supra; Kelly v. The Vogue,* 21 Wn.2d 785, 153 P.2d 277 (1944); *Berry v. Farmers Exchange,* 156 Wash. 65, 286 P. 46 (1930). Stated another way, if plaintiff, at the time of the events producing the injury, was of the class the statute was intended to protect and the injury was of the type the statute was designed to prevent, the question of whether the violation is negligence per se is one for judicial determination as a matter of law and the issue of proximate cause—unless it is so clear as to be established as a matter of law—remains for the determination of the trier of the facts. *See* Prosser, *Torts* § 36 (4th ed. 1971).

The plaintiff makes a persuasive argument that the following legislative enactment prescribed a course of conduct, which was breached by the defendants and constitutes negligence per se.

Drawbar requirements—Trailer whipping or weaving—Towing flag. The drawbar or other connection between vehicles in combination shall be of sufficient strength to hold the weight of the towed vehicle on any grade where operated. *No trailer shall* whip, weave or oscillate or *fail*

*to follow substantially in the course of the towing vehi-
cle.* When a disabled vehicle is being towed by means of
bar, chain, rope, cable or similar means and the distance
between the towed vehicle and the towing vehicle exceeds
fifteen feet there shall be fastened on such connection in
approximately the center thereof a white flag or cloth not
less than twelve inches square.

(Italics ours.) RCW 46.44.070. In connection therewith, he
relies on the following statement in the concurring opinion
of four justices in the strict liability case of *Siegler v.
Kuhlman,* 81 Wn.2d 448, 460–61, 502 P.2d 1181 (1972)
(Rosellini, J., concurring):

It also is my opinion that the legislature has expressed
an intent that owners and operators of vehicles carrying
trailers should be required to keep them under control,
and that intent can be found in the statutes cited in the
majority opinion.

It is, however, unnecessary to determine the negligence
per se issue on the basis of the foregoing statute alone,
therefore, we do not do so.

The following administrative regulations, specifically
expressing safety standards for logging trucks and trailers,
and which were in effect at the time, establish the standard
of conduct owed by logging truck operators such as the
defendants:

Safety Chains. All trailers shall be secured with a
safety chain or chains which connect the frame of the
truck assembly to the trailer unit. The chains shall be
capable of holding the trailer in line in case of failure of
the hitch assembly.

WAC 296–54–330(35) (1977);[2] and further:

Method of Securing Reaches When Towing Unloaded
Trailer. A positive means, other than clamp and in addi-
tion to the clamp shall be installed on the reach of log
truck trailers when the trailers are being towed without a
load.

---

[2]The current administrative code provision is WAC 296–54–571(2).

WAC 296–54–330(33) (1977).[3] *See also* WAC 296–54–330(4) (1977); WAC 296–54–330(17) (1977); WAC 296–54–330(21) (1977).

We are not persuaded by the defendants' argument to the effect that while the parting of the entire towing linkage between the truck and trailer might have been negligence per se under the foregoing regulations, the parting of an entire section of the towing linkage along with the trailer (as here) is not. The effect of either kind of parting is the same; the trailer separates from the logging truck towing it and can run wild, as it did here. Although the foregoing safety regulations could perhaps have been more clearly worded, we are satisfied their effect (particularly in view of the language of RCW 46.44.070 set out above) is that the defendants' logging truck was required to have a safety chain or other positive alternative means to prevent the parting of the trailer from the logging truck and the rest of the towing linkage in the event the connecting pin failed or fell out.

Here, the plaintiff was off to the side of the roadway on which the defendants' logging truck and trailer were traveling; he was a member of a class of persons these safety regulations were designed to protect. The collision between the runaway trailer unit and the plaintiff's vehicle was the type of accident these safety regulations were designed to prevent. Consequently, the failure of the logging truck and trailer to be equipped with a safety chain or other positive alternative means of keeping the trailer from parting with the logging truck towing it when the connecting pin came out constituted negligence per se. *See Bullock v. Fairburn,* 353 So. 2d 759 (Miss. 1977); *Miller v. Lucas,* 267 N.C. 1, 147 S.E.2d 537 (1966); *Bidleman v. Wright,* 175 Ohio St. 405, 195 N.E.2d 904 (1964); *Steele v. Commercial Milling Co.,* 50 F.2d 1037 (6th Cir. 1931).

Under the uncontroverted facts of this case, reasonable minds could not reasonably differ on such negligence being

---

[3]The current administrative code provision is WAC 296–54–573(3).

the sole cause of the ensuing collision between the runaway trailer and the plaintiff's vehicle; therefore, the defendants are liable for injuries and damages caused thereby. *Kness v. Truck Trailer Equip. Co., supra; Foster v. Bylund,* 7 Wn. App. 745, 749, 503 P.2d 1087 (1972).

The cause is reversed and remanded for entry of a verdict for the plaintiff on the issue of liability and for a new trial on the issue of what injuries and damages, if any, were proximately caused by the collision.

CALLOW and SCHOLFIELD, JJ., concur.