[No. 9369-7-III. Division Three. November 2, 1989.]

JOE METLOW, *Individually and as Personal Representative, Appellant,* v. SPOKANE ALCOHOLIC REHABILITATION CENTER, INC., ET AL, *Respondents.*

846

*Patrick Downey* and *Lawrence Smith,* for appellant.

*William Goss, Everett Coulter,* and *Turner, Stoeve, Gagliardi & Goss,* for respondents.

GREEN, J.—Joe Metlow, individually and as the personal representative of the estate of Faith Metlow, appeals a summary judgment of dismissal granted in favor of Spokane Alcoholic Rehabilitation Center, Inc. (SPARC) and Terri Haaga. The propriety of the summary judgment presents the sole issue on appeal. We affirm.

On May 19, 1984, James Heffernan was charged with the negligent operation of a motor vehicle and driving while intoxicated within the city of Spokane. He petitioned the court to be considered for a deferred prosecution program under RCW 10.05.010 *et seq.* This petition was granted on July 27 and he was placed in an outpatient, nonresidential treatment program at SPARC.

During his participation in the program, Mr. Heffernan attended weekly group therapy and counseling sessions. He was not at any time confined to the SPARC premises, nor were his daily activities limited or controlled. On July 30, 1985, while in the followup treatment phase of the program, Mr. Heffernan operated a motor vehicle which struck and injured Joe Metlow and killed Mr. Metlow's wife and step-daughter. Mr. Heffernan's blood alcohol content at the time of the accident was .25. At his counseling session on August 12, he informed his counselor, Ms. Haaga, the accident was the result of an axle problem and that he was not using alcohol at the time. SPARC thereafter certified Mr. Heffernan as satisfactorily participating in and completing its outpatient program.

Mr. Metlow commenced this action for damages on July 30, 1986,[1] alleging SPARC and Ms. Haaga were negligent in failing to follow the generally recognized standard of care in treating Mr. Heffernan's alcohol problem. All parties moved for summary judgment. The court granted summary judgment in favor of SPARC and Ms. Haaga and dismissed them from the action. Mr. Metlow appeals contending an

---

[1]SPARC and Ms. Haaga initially failed to answer. A default judgment against them was entered on February 27, 1987. That judgment was set aside on May 26, 1987.

issue of facts exists as to whether SPARC and Ms. Haaga exercised reasonable care in the supervision and treatment of Mr. Heffernan under the court–ordered plan of deferred prosecution.[2]

Relying on *Petersen v. State,* 100 Wn.2d 421, 671 P.2d 230 (1983), Mr. Metlow asserts SPARC and its counselors had a duty to take reasonable precautions to protect anyone including the Metlows who might be foreseeably endangered by its patients' alcohol related problems. He emphasizes Ms. Haaga's admission she was aware Mr. Heffernan on at least one occasion drank during the treatment program and her failure to report that incident to the court. He also asserts material issues of fact exist as to whether SPARC and Ms. Haaga were negligent in failing to comply with the deferred prosecution order.

Summary judgment is proper when the record introduced in support of the motion does not create a genuine issue of material fact between the parties, and the moving party is entitled to judgment as a matter of law. *Peterson v. Pacific First Fed. Sav. & Loan Ass'n,* 23 Wn. App. 688, 690, 598 P.2d 407 (1979). On summary judgment motions, the reviewing court takes the position of the trial court, assuming facts most favorable to the nonmoving party. *Layne v. Hyde,* 54 Wn. App. 125, 129, 773 P.2d 83, *review denied,* 113 Wn.2d 1016 (1989).

■ An essential element in any negligence action is the existence of a legal duty which the defendant owes to the

---

[2]Specifically, Mr. Metlow asserts the existence of material issues of fact on whether SPARC and Ms. Haaga were negligent (1) in their treatment of Mr. Heffernan for alcoholism; (2) for failing to report his drinking violations to the court; (3) for failing to determine independently whether he was complying with the treatment program when they had been forewarned he was lying about his use of alcohol; (4) in failing to establish a treatment plan for him that met the requirements of the order of deferred prosecution and Mr. Day's report; (5) in failing to notice that Mr. Heffernan was showing up for treatment hung over and smelling of alcohol; (6) in not requiring Mr. Heffernan to attend weekly Alcoholics Anonymous meetings as required by the order of deferred prosecution; (7) in not reporting to the court that Mr. Heffernan was not attending weekly AA meetings; and (8) in certifying to the court that Mr. Heffernan had successfully completed the program.

plaintiff. *Hartley v. State,* 103 Wn.2d 768, 777, 698 P.2d 77 (1985). That duty must be breached and the breach must be a proximate cause of the injury. *Petersen v. State, supra* at 435–36. Thus, before SPARC can be held liable to Mr. Metlow for negligence, a duty must be found. This determination is a question of law. *Peterson v. Pacific First Fed. Sav. & Loan Ass'n, supra* at 692.

■ At common law a person had no duty to prevent a third party from causing physical injury to another. *Petersen v. State, supra* at 426. An exception to this rule is recognized where a special relationship exists between a defendant and either a third party or the foreseeable victim of the third party's conduct. *Petersen,* at 426; *Noonan v. State,* 53 Wn. App. 558, 769 P.2d 313 (1989); *see Honcoop v. State,* 111 Wn.2d 182, 759 P.2d 1188 (1988). Restatement (Second) of Torts § 315 (1965) summarizes this general rule of nonliability and its exceptions:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

In *Petersen* the court, relying on this Restatement section, held that a special relationship existed between a psychiatrist employed at a state mental hospital and a known–to–be–dangerous patient which established a duty of reasonable care in favor of a party injured by the patient. *Petersen,* at 426–28. Unlike the instant case, the patient in *Petersen* was hospitalized and under the direct, custodial control of doctors at Western State Hospital. In reaching its decision, the court in *Petersen* stated: "Dr. Miller failed to petition the court for a 90–day commitment, as he could have done under RCW 71.05.280 . . ." *Petersen,* at 428. The court there found the treating psychiatrist had statutory authority to order an involuntary commitment of the patient who was within the hospital's control, care and custody.

██ *Petersen* is distinguishable and not controlling. SPARC did not have custodial control of Mr. Heffernan who, as a nonresidential outpatient, attended weekly group therapy and counseling sessions at the facility. Mr. Heffernan's daily activities were not restricted by his attendance at the SPARC program. We are not persuaded by Mr. Metlow's argument that SPARC's potential ability to control Mr. Heffernan's drinking placed him within the center's control. The facility did not have the authority to "commit" him. We are not inclined to extend *Petersen* to these circumstances. *See Noonan v. State, supra.*

Ms. Haaga's admission she was aware of Mr. Heffernan's use of alcohol on one occasion during his SPARC treatment does not affect this result. No legal duty owing from SPARC to Mr. Metlow has been established. Furthermore, the order of deferred prosecution allowed SPARC to determine, within its own discretion, the extent of its program. SPARC therefore had discretion to treat a "one occasion" violation as a treatment issue rather than report Mr. Heffernan to the court. Finally, since SPARC's decisions relating to treatment were discretionary, it is immune from liability. *See Noonan v. State, supra.*

 Nor is Mr. Metlow's contention that SPARC violated RCW 10.05.090 sufficient to establish SPARC's negligence per se. That statute, in effect at the time Mr. Heffernan was granted a deferred prosecution, stated:

> If a defendant, who has been accepted for deferred prosecution, fails or neglects to carry out and fulfill any term or condition of the defendant's treatment plan, the facility, center, institution, or agency administering the treatment shall immediately report such breach to the court. The court upon receiving such a report shall hold a hearing to determine whether the defendant should be removed from the deferred prosecution program.

While a violation of an applicable statutory duty allows the court to instruct the jury that the defendant was in fact negligent, *Goodell v. ITT–Federal Support Servs., Inc.,* 89 Wn.2d 488, 493, 573 P.2d 1292 (1978); W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts*

§ 36 (5th ed. 1984), in *Herberg v. Swartz,* 89 Wn.2d 916, 578 P.2d 17 (1978) (quoting *Bayne v. Todd Shipyards Corp.,* 88 Wn.2d 917, 920, 568 P.2d 771 (1977) and *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 257, 501 P.2d 285 (1972)), the court at page 923 stated:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) *to protect a class of persons which includes the one whose interest is invaded,* and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

(Italics ours.) RCW 10.05, entitled "Deferred Prosecution—Courts of Limited Jurisdiction", does not identify a class of persons to be protected, nor does it reflect an intention to do so. *Herberg,* at 923. Thus, Mr. Metlow's argument that a violation of RCW 10.05.090 establishes negligence per se against SPARC is not persuasive.

Accordingly, the decision of the trial court is affirmed.

MUNSON, A.C.J., and SHIELDS, J., concur.

Review denied at 114 Wn.2d 1007 (1990).