Mrs. Pearl BUSH, Plaintiff in Error,

v.

Phil MIDDLETON, dba Middleton Chevrolet Company, Defendant in Error.

No. 38268.

Supreme Court of Oklahoma.

June 9, 1959.

475

Wm. G. Smith, Oklahoma City, Frank M. Houts, Alva, for plaintiff in error.

Mauntel & Doolin, by John B. Doolin, Alva, for defendant in error.

BLACKBIRD, Justice.

This is an action brought by Pearl Bush in the District Court of Woods County, Oklahoma, against defendants Stanley Kaczar and Phil Middleton, doing business as Phil Middleton Chevrolet Company, to recover personal injury damage alleged to have been caused by a collision of a car driven by her and owned by her husband and a car owned by Middleton and driven by defendant Kaczar. The collision occurred at the intersection of Elm and Missouri Streets, in the City of Waynoka, Oklahoma.

Plaintiff in her petition alleges that the defendant Kaczar was acting as the agent or servant of defendant Middleton while driving the car at the time the collision occurred. It is further alleged that the collision occurred the 17th day of November, 1955; that plaintiff was then driving her car in an easterly direction on Elm Street as it approached the intersection. Defendant Kaczar was driving the Middleton car in a southerly direction on Missouri Street and when he entered the intersection ran a stop sign and did not stop the car he was driving until it reached the center of the intersection and struck the car which plaintiff was driving.

Plaintiff in her petition charges defendant Kaczar with the following acts of negligence: that he drove the Middleton car at a reckless rate of speed as he entered the intersection and failed to yield the right of way; that the brakes on the car defendant Kaczar was driving were old, worn and defective and insufficient to stop the car and that said defects were known, or should have been known to defendant Kaczar and that he was guilty of negligence in driving the car in its defective condition over the highways and streets of Waynoka. In her petition against Middleton plaintiff alleges that said defendant owner of the car permitted defendant Kaczar to use and drive the car at the time the collision occurred; that said defendant knew, or should have known, that the brakes were faulty and would not stop the car and that he was guilty of negligence in permitting defendant Kaczar to use and drive the car while in such condition. Plaintiff, after alleging in detail the nature

of the injury sustained by her as a result of the collision and the amount of damages sustained by her by reason thereof, prayed judgment against defendants in the sum of $33,400.

Defendant Middleton filed an answer to plaintiff's petition consisting of a general denial and a special denial that defendant Kaczar was his agent or servant while driving the car at the time the collision occurred. He further plead contributory negligence and unavoidable accident. Defendant Kaczar failed to plead or answer in the case and made no defense.

At the conclusion of the evidence offered by plaintiff, defendant Middleton demurred thereto on the ground that it was insufficient to authorize a recovery against him. The trial court sustained the demurrer and rendered judgment in favor of defendant Middleton and upon motion of plaintiff for judgment against defendant Kaczar entered judgment against him in the sum of $33,400. Kaczar has not appealed from this judgment and the judgment as against him is now final.

Plaintiff has appealed from the order and judgment of the trial court sustaining defendant Middleton's demurrer to the evidence and rendering judgment against her and in favor of said defendant Middleton, and contends that the trial court erred in sustaining defendant's demurrer and in entering judgment in favor of said defendant.

The errors assigned require a review of the evidence.

Plaintiff in her own behalf testified that she was injured by a collision between an automobile owned by her husband and driven by her and an automobile owned by defendant Middleton and driven by defendant Kaczar; that immediately before the collision occurred she was driving her car in an easterly direction on Elm Street in the City of Waynoka; that Elm Street was a through street protected by a "yield right of way" sign; that the driver of the Middleton car, Kaczar, was proceeding south on Missouri Street; when he came to the intersection with Elm Street he was traveling from twenty to twenty-five miles per hour. He failed to slow down or yield the right of way to the plaintiff's vehicle proceeding into the intersection and ran into the side of the vehicle driven by plaintiff with such force as to knock her vehicle sideways causing some injuries to her person.

Defendant Kaczar, an immigrant from Poland who came to this country in 1949, testified that just prior to the accident he had been to defendant Middleton's place of business to look for a used car to purchase; that Middleton was then engaged in the business of selling new and used automobiles and operating a garage. He testified that Middleton showed him a 1948 Studebaker automobile later involved in the accident, and asked Kaczar if he would like to take the vehicle home to show it to his wife. Kaczar then drove the vehicle from defendant Middleton's garage to take it home and drove two blocks west and two blocks south from defendant's garage to the intersection of Missouri and Elm Streets where the accident occurred. He further testified that he saw the yield the right of way sign and as he drove up to the sign he attempted to stop. He put his foot on the brake to try to stop and the brake would not hold. He pushed the brake down as far as he could and still it would not hold, but kept on sliding and slid to the center of the intersection and hit the car plaintiff was driving before it stopped. He told the Chief of Police, who was then present investigating the accident, that the accident was caused because the brakes on the car he was driving would not hold. After the accident Kaczar took the vehicle back to defendant Middleton and told him of the accident and how it occurred. Middleton then told him that the reason the accident occurred was because he did not know how to drive. Kaczar then told him the accident occurred because the brakes were defective and insufficient to stop the car. Defendant Middleton then told him the brakes were in fair shape and said he would show him how to use the

brakes. He then entered the car and pumped three or four times and he then pushed the car slow while Middleton was pumping the brakes and the brakes then worked and Middleton told him that was the way the brakes were supposed to work and he replied that was not right for his driving. The evidence further shows that Kaczar several months thereafter, after the brakes were repaired and put in proper condition, purchased the car from Middleton.

We think the evidence of defendant Kaczar to the effect that after the accident occurred he took the car back to defendant Middleton and told him of the accident and told him that it occurred because the brakes on the car were defective and would not stop the car, and that Middleton thereafter told him that the brakes were in fair shape and then proceeded to pump up the brakes in order to make them work and informed Kaczar, "that's the way the brakes are supposed to operate," constitutes evidence sufficient to take the case to the jury on the question of whether defendant Middleton knew, or in the exercise of ordinary care should have known the brakes on the car were defective and would not stop the car and as to whether the defective brakes were the proximate cause of the collision.

Tit. 47 O.S.1957 Suppl. § 148(a) provides:

"It is a misdemeanor and punishable by a fine * * * to drive, or move, or for the owner to cause, or knowingly permit to be driven, or moved, on any highway, any vehicle, * * * which is in such unsafe condition as to endanger any person, or which does not contain those parts, or is not at all times equipped with such lamps and other equipment, in proper condition and adjustment, as required in this Section, or which is equipped in any manner in violation of this Section, or for any person to do any act forbidden, or fail to perform any act required under this Section.

Subsection (x) of said statute provides:

"Every motor vehicle, other than a motor cycle, motorscooter, or motorbicycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicles, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. * * *"

In 5A Am.Jur. Automobiles and Highway Traffic, it is said:

"The duty of a dealer in secondhand automobiles to exercise care with respect to their condition and equipment is similar to that of the manufacturer of a new automobile, especially where the car is represented to be equipped with standard equipment. If the automobile is capable of being made safe, it is the seller's duty to make it safe. * * * Such duty rests on the principle that the delivery of a motor vehicle lacking in those qualities which the dealer represents it to have, or impregnated with defects which render the vehicle unsafe for its intended use and which defects the dealer could have ascertained by the exercise of reasonable care, constitutes an actionable wrong to all those who suffer injury therefrom. * * *

"The failure of the purchaser of a used car to inspect it and discover defective brakes is not an intervening cause of an injury due to such brakes so as to relieve the seller of liability because of such defect. * * *"

And in Section 664, the author further states:

"It is well settled that the owner of a motor vehicle who permits another person, either gratuitously or for a consideration, to use the vehicle for the bailee's own purposes, may be held liable to the bailee or to a third person for personal injury or death or for damages caused by defective condition of the vehicle of which the owner had

or should have had knowledge, and which was not known to the bailee. * * *

"Where a statute requires a motor vehicle to be kept in proper or safe condition by being equipped with a braking mechanism capable of stopping or holding the vehicle according to certain standards, the bailor, as owner of such vehicle, may be held liable irrespective of his common law duty as a bailor, to a bailee or other person injured because of the failure of such vehicle to meet the standard required by the statute."

■ The general rule applicable to the evidence here involved appears to be that the owner of an automobile when entrusting the vehicle to a third person for operation must take certain precautions to see that the automobile is not defective and must use ordinary care to see that the automobile loaned is not in such a condition as to become dangerous for use upon the public highways and his failure to use such care and permitting the loaned automobile to be used upon the highways in such defective condition constitutes negligence on the part of the owner, rendering him liable for damages sustained to those who suffer injuries therefrom. Flies v. Fox Brothers Buick Co., 196 Wis. 196, 218 N.W. 855, 60 A.L.R. 357; Coop v. Williamson, 6 Cir., 173 F.2d 313; and Vaughn v. Millington Motor Co., 160 Tenn. 197, 22 S.W.2d 226.

■ We conclude the trial court erred in sustaining defendant Middleton's demurrer to plaintiff's evidence and entering judgment in favor of defendants. We have many times held as stated in McReynolds v. Oklahoma Turnpike Authority, Okl., 291 P.2d 341, 342:

"In passing upon a demurrer to the evidence, the court does not weigh the evidence. The demurrer admits every fact which the evidence in the slightest degree tends to prove, and all inferences and conclusions that may be reasonably and logically drawn from the same, and, where there is any con-

flict in the plaintiff's evidence that would make any part of it unfavorable to plaintiff, or sustains the defense, the court, in passing upon such demurrer, should consider such evidence withdrawn."

Judgment reversed as to defendant Middleton and the cause remanded with directions to grant plaintiff a new trial as to said defendant.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.