LEE ELLER FORD, INC., Plaintiff in Error,

v.

Alma Ruth HEROD, Defendant in Error.

No. 38666.

Supreme Court of Oklahoma.

May 3, 1960.

Rehearing Denied June 28, 1960.

Application for Leave to File Second Petition for Rehearing Denied July 12, 1960.

Covington, Donovan & Gibbon, Tulsa, for plaintiff in error.

Young, Young & Young, Sapulpa, for defendant in error

BERRY, Justice.

The parties to this appeal will be referred to as they appeared in the trial court, which is in reverse order to their appearance herein.

In this action, plaintiff sought to recover damages from defendant and others for personal injuries sustained as a result of the hereinafter referred-to automobile accident.

The case was tried to a jury. The jury returned a verdict in favor of plaintiff and against the defendant, John Wilson and Charley Delcoure. Wilson and Delcoure did not appeal. From order denying defendant's motion for new trial, defendant appeals.

The facts bearing upon the automobile accident are in substance these: On December 20, 1956, John Wilson, who was one of the defendants below, called at defendant's used car lot for the purpose of inspecting a Buick automobile that Wilson planned to purchase. After Wilson had either agreed or had tentatively agreed to purchase the Buick, and prior to the preparation of documents pertaining to the sale thereof, defendant and Wilson agreed that Wilson could test-drive the Buick. In test-driving the Buick Wilson drove same around Sapulpa for approximately an hour. Wishing to test the Buick at a speed in excess of that permitted in Sapulpa he drove it out into the country to the south of Sapulpa. Upon reaching a point on a paved highway approximately three miles south of Sapulpa the motor of the Buick sputtered and stopped. Upon inspecting the gasoline gauge Wilson learned that it registered empty. At the time he began operating the automobile Wilson inspected the gauge which indicated that the gasoline tank was approximately one-fourth full. Wilson had learned from experience that if he were to rock the Buick, a sufficient amount of gas would probably flow from the supply tank into the gasoline line and carbureter to permit operation of the automobile for a short distance. Wilson rocked the automobile and succeeded in starting the motor. He then turned the automobile

around and proceeded toward the north. After driving a short distance the motor stopped and Wilson permitted the automobile to coast to a point near the extreme east side of the paving. Upon the automobile stopping, Wilson got out of same and undertook to direct north-bound traffic around the Buick. The driver of one of the motor vehicles which approached from the south offered to push the Buick. Wilson was agreeable but in attempting to push the Buick it was learned that the bumpers of the automobiles would not mesh. Later, the driver of a north-bound truck offered to tow the Buick to a filling station. While Wilson was undertaking to attach the tow line, plaintiff approached from the south and because of south-bound traffic, stopped her automobile back of the Buick. After Wilson had secured the tow line and had gotten into the Buick, an automobile operated by Charley Delcoure collided with the rear of plaintiff's automobile. As a result of the collision plaintiff sustained personal injuries, which injuries formed the basis of her action against defendant and others.

At the close of plaintiff's evidence in chief, defendant interposed a demurrer to plaintiff's evidence. The demurrer was overruled. At the close of the trial, defendant moved for a directed verdict, which motion was denied.

The defendant advances these propositions in support of its contention that the trial court erred in overruling and denying the referred-to demurrer and motion: First, that the evidence showed that Wilson had purchased the automobile prior to his test-driving same. Second, that if defendant in fact owned the automobile at the time of the accident, the evidence fails to show that defendant was guilty of negligence. In view of our decision herein, it is unnecessary to consider the first referred-to proposition

Negligence on the part of defendant is predicated solely upon the proposition that defendant "violated its duty to see that its car was maintained in such condition as to fuel supply that it would not become a menace to or obstruction of other traffic by stopping in the road." The quoted matter is taken from "Proposition I" of plaintiff's brief.

The evidence shows that Wilson was experienced in operating motor vehicles and that he was cognizant of the fact that the motor to the Buick operated on gasoline.

As heretofore pointed out, the gasoline gauge on the Buick indicated that its gasoline tank was approximately one-fourth full when Wilson began to operate the Buick, which gauge showed that the tank was empty when the motor of the Buick first stopped operating. It is not contended that the gauge was defective. It is contended that Wilson did not operate the Buick sufficiently to use one-fourth tank of gasoline and that the fact that the gasoline supply was exhausted after the automobile was operated for the period that it was operated by Wilson showed that defendant failed to place enough gasoline in the supply tank of the Buick to operate same throughout a reasonable test-drive period. Defendant and Wilson did not agree upon the period of time nor the distance that Wilson should test-drive the Buick. Wilson testified that he was of the opinion that he was privileged to drive the Buick as far as he wished to because he had purchased it. He also testified that his purchase of the Buick was subject to a test-drive thereof; that prior to the gasoline supply in the Buick becoming exhausted he had concluded to buy same and that he completed the sale notwithstanding the Buick being damaged as a result of the referred-to collision.

In support of her contention that defendant was guilty of negligence in failing to place a sufficient amount of gasoline in the supply tank of the Buick to permit an adequate test-drive of same, and that said negligence was the proximate cause of the accident in controversy, plaintiff cites Vol. 2, Sec. 824, Blashfield Cyc. of Automobile Law and Practice; Keller v. Breneman, 153 Wash. 208, 279 P. 588, 67 A.L.R. 92, and other authorities. In the cases cited by Mr. Blashfield and those cited by plain-

tiff, the person operating to automobile was, under the facts, held to be guilty of negligence where his automobile stopped on a highway because of an insufficient supply of gasoline. The cases therefore tend to sustain the proposition that Wilson was guilty of negligence under the facts of this case but not that defendant, as the bailor of the Buick, was guilty of negligence in failing to furnish more gasoline than was in fact furnished. Plaintiff has not in fact cited a case in point.

■ A bailor's liability to a third person for personal injuries arising out of a bailee's operation of bailor's motor vehicle is predicated upon the defective condition of the vehicle of which the bailor had or should have had knowledge at the time of the bailment, and ordinarily bailor's liability may not be predicated on a defect in the vehicle which arises following the bailment. See 5A, Am.Jur., "Automobiles and Highway Traffic," Sec. 664, p. 658; annotated note beginning at page 407, 46 A.L.R.2d and Bush v. Middleton, Okl., 340 P.2d 474.

■ We are of the opinion that under the facts of this case, plaintiff wholly failed to show that defendant's alleged failure to provide an amount of gasoline sufficient to enable defendant to test-drive the Buick more completely than he did, shows a defect in Buick at the time same was delivered to Wilson. The pertinent facts bearing upon the issue that we have considered are that Wilson was experienced in operating motor vehicles; that he knew that the motor of the Buick operated on gasoline; that the gasoline gauge showed approximately one-fourth full at the time Wilson began to operate the Buick; that Wilson testified that gasoline gauges on motor vehicles do not accurately show the amount of gasoline in the supply tank and that he therefore didn't know the precise amount of gasoline in the supply tank; that Wilson could have purchased gasoline at one of the numerous service stations in Sapulpa; that there was sufficient gasoline in the supply tank to enable Wilson to operate the Buick for approximately an hour; that Wilson knew

that the gasoline supply was practically exhausted the first time the motor sputtered and stopped; that upon restarting the motor he could have driven the Buick off the highway to a point of safety.

The trial court erred in not sustaining defendant's motion for a directed verdict and its motion for a new trial. For said reason the judgment of the trial court is reversed with directions to dismiss plaintiff's action as to defendant.

Reversed.