**JOHN W. SIMMONS TRUCKING COMPA-
NY, Inc., and John W. Simmons,
Plaintiffs in Error,**

**v.**

**Lester BRISCOE, Defendant in Error.**

**No. 39649.**

Supreme Court of Oklahoma.

June 26, 1962.

Tal Oden, of Oden & Oden, Altus, for plaintiffs in error.

Harbison & Whiteside, Altus, for defendant in error.

HALLEY, Justice.

This action arose out of a rear end collision between an automobile owned by plaintiff and driven by his wife and a truck driven by defendant, Thompson, and owned by the J. W. Simmons Trucking Company. There is no great dispute as to the facts. Mrs. Briscoe, who lived near Hess, Oklahoma, which was a short distance south of Altus, was driving north on the Main Street of Altus, with a neighbor, Mrs. Lollar, in her husband's Ford automobile. As Mrs. Briscoe approached the Missouri-Kansas-Texas Railway Company tracks she saw a signal light flashing so she stopped a short distance south of the south tracks of this crossing. Soon thereafter the car in which she was riding was struck at the left rear by the truck above mentioned.

No negligence is alleged or proved as to the manner Mrs. Briscoe operated her husband's car.

Parties will be referred to as they appeared in the trial court.

As to the truck the evidence showed that its brakes were defective and that it had been taken into a garage the morning of the accident. The driver of the truck, the defendant Thompson, was not shown to be thoroughly acquainted with the truck. He did discover that the air brakes were not working properly. A piece of the rubber hose was missing. He had this repaired but did not request a complete check of the braking system of the truck. The work that he ordered was supplied so he paid the bill in his employer's name. He drove the truck from the garage into Main Street, with the intention of following the car Mrs. Briscoe was driving. When he got into the street

and Mrs. Briscoe stopped, he attempted to put on his brakes and they did not work. That was the first time he had tried them after they were repaired.

Upon further investigation the driver Thompson discovered that there was another defect in the air brakes on the truck which was a hole in the copper line he had not discovered previously.

The case was tried to a jury and a verdict was returned for the plaintiff.

There is no question raised here as to the ownership of the truck or as to Thompson being an employee of the defendant within the scope of his employment.

The defendants raise three propositions which are:

"1. Since the driver took all precautions immediately before the accident to have the brakes working properly, there was no primary negligence, and the court erred in failing to direct a verdict, and in entering judgment for the plaintiff."

"2. The court admitted prejudicial, biased and inflammatory evidence requiring reversal which consisted of the mention of the death of a passenger shortly after the accident and insurance."

"3. The court failed to give proper and adequate instructions respecting the duty of maintaining brakes with special reference to latent defects."

We will discuss these propositions in the above order.

██ In considering defendants' first proposition it seems to us that the question of whether the driver of the truck exercised all reasonable precautions to have his brakes in proper working condition is a question for the jury. The evidence shows that the driver of the truck did not request a complete check up of the braking system by the operator of the garage, but after limited repairs as requested were made, drove the truck upon the highway before checking it. After the accident the driver discovered a hole in the copper line

of the braking system and refused to answer questions as to whether this hole in the line was old or new. From these facts it seems to us that the jury could justifiably conclude that the driver of the truck was negligent. It follows that we must conclude and hold that the trial court did not err in failing to direct a verdict for the defendants. See Smith v. Crotts, Okl., 336 P.2d 1102 and Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415.

Clearly 47 O.S.Supp.1957 § 148(x), now section 12–301, 47 O.S.1961, with certain changes, was violated by defendants in this case and we think that Bush v. Middleton, Okl., 340 P.2d 474, controls this case.

■■ As to defendants' second point we see no merit. There is nothing about the question which connected Mrs. Lollar's death with the accident out of which this case arose. No objection was made to the question or answer at the time it was made. Reference to it at a later time in the trial would have had a worse effect on the defendants' case than at the time. Certainly the plaintiff had the right to tell the jury why a valuable witness did not testify. There was no error in admitting this testimony. If there was error we think it was harmless.

■ As to the proposition in reference to one of the defendants testifying that he called the insurance agent, this was brought out by the defendant Simmons unsolicited and there was nothing in the question by plaintiff's counsel that would bring out such an answer. In view of our holding in M & P Stores, Inc. v. Taylor, Okl., 326 P.2d 804, 805, this was not error. The size of the verdict, which was approximately three-fifths of the amount sued for, reflects the fact that the jury was not inflamed by anything connected with the trial.

■ As to defendants' third proposition we cannot agree that the instructions given were defective. They were standard instructions of our trial courts approved many times and fairly covered the case. We fail to see under the evidence where it

could be said that defects in the braking system of the truck were latent.

There was nothing to show that a good mechanic could not have discovered any of the defects in the defendants' braking system on the truck.

The trial court should be affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH and DAVISON, JJ., concur in result.