44940. BRYANT v. CHASTEEN.

HALL, Presiding Judge. This is an appeal from a verdict for a defendant in a suit for damages resulting from an automobile collision.

1. Plaintiff enumerates as error the following charge: "I charge you, that if you find that Margaret Virginia Mills Chasteen had merely borrowed the car from Robert W. Chasteen, Jr., and that the brakes on the car which she was driving suddenly gave way without any knowledge on the part of the said Margaret Virginia Mills Chasteen, that said brakes were defective, then you would be authorized to find a verdict in favor of the defendant, Margaret Virginia Mills Chasteen." Plaintiff contends this charge omitted the element of proximate cause and was tantamount to the direction of a verdict for defendant because defendant's testimony that her brakes failed suddenly without her prior knowledge of any defect could not be proved otherwise by plaintiff. He contends the jury should have been instructed that it must first find that the proximate cause of the collision was brake failure before it could consider the question of unavoidable accident.

This proposition is correct, but plaintiff has overlooked the court's very complete charge on proximate cause as well as the paragraphs just preceding the one in question which defined "accident" as excluding responsibility for the *cause* of the injury. In this context, the paragraph was merely a charge which authorized the jury to find for the defendant if,

having found the cause of the collision to be brake failure, they found defendant was not negligent in respect to these brakes. "We should not assume that the jury paid no attention to some portions of the charge; but on the contrary the presumption is that the jury pays attention to and correctly applies all of the charge." *Stanley v. Squadrito,* 107 Ga. App. 651, 658 (131 SE2d 227).

2. Plaintiff's enumeration on another portion of the court's charge is without merit as no objection was made before verdict. See *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424, 427 (167 SE2d 400).

3. Plaintiff also appeals on the general grounds, contending there was neither evidence of due care concerning the brakes (such as proof of inspection) nor tangible evidence that the failure was caused by a sudden, unforeseeable failure; and that the defendant's testimony on the failure alone was insufficient as a matter of law to support the verdict.

Plaintiff relies on the holding in *Cruse v. Taylor,* 89 Ga. App. 611 (80 SE2d 704). It lends no aid to the plaintiff's contention for several reasons. First, the court held in *Cruse* that the question of due care was for the jury. Further, the owner of the automobile was a defendant and there was evidence that the faulty brakes had developed over a long period during which they should have been discovered. Here the defendant had merely borrowed the car, and there was no evidence that she had any indication the brakes were defective up to the moment of the failure. In fact, her testimony that she had made several successful stops just prior to the failure was completely undisputed. The evidence was sufficient to support the verdict.

*Judgment affirmed. Deen and Evans, JJ., concur.*

ARGUED JANUARY 12, 1970—DECIDED MARCH 19, 1970.

*J. W. McDonald, Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for appellant.

*Clayton Jay, Jr., Ben B. Mills, Jr.,* for appellee.