**Mildred GOWINS, Appellee,**

**v.**

**John L. MERRELL, Jr., Appellant.**

**No. 47080.**

Supreme Court of Oklahoma.

Oct. 7, 1975.

Bonds,· Matthews & Bonds by Albert R. Matthews, Faye Bancroft, Muskogee, for appellee.

Best, Sharp, Thomas, Glass & Warner by Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellant.

BERRY, Justice:

Mildred Gowins, plaintiff, brought this action against John L. Merrell, Jr., defendant, and Tink Wilkerson Chrysler Motor Company [Chrysler], for damages incurred when bus driven by defendant collided with automobile plaintiff was driving. Trial court sustained plaintiff's motion for directed verdict against defendant on issue of liability. It submitted issue of damages and issue of Chrysler's liability to jury. The jury returned verdict of $7,000 for plaintiff against defendant only. Defend-

ant appeals. The Court of Appeals, Division 1, affirmed, and defendant seeks certiorari.

Defendant first contends trial court erred in directing verdict for plaintiff on issue of liability.

■ In passing upon motion for directed verdict, trial court should consider as true all evidence favorable to party against whom motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to movant. *Gwinn v. Payne,* Okl., 477 P.2d 680.

Plaintiff's petition alleged defendant was negligent in (1) failing to maintain such proper care and control of operation of his vehicle upon public highways as a reasonable prudent person would have done under like circumstances, (2) in operating vehicle at speed greater than was reasonable and proper under existing conditions and circumstances, (3) failing to keep such control over vehicle, and operating same at speed greater than would permit him to bring same to full stop within assured clear distance ahead.

Defendant's answer denied allegations of negligence in petition and alleged accident resulted from unavoidable casualty occurring through no fault of defendant.

The evidence indicates plaintiff stopped her automobile behind a truck at a turnpike toll gate. Defendant was driving bus in same lane behind her. The brakes on bus failed and the bus struck rear of plaintiff's car. Plaintiff suffered whiplash.

Defendant testified the bus was owned by a church which had employed him as music director for four or five months prior to accident. He had driven bus on average of twice each month.

He had more opportunities to drive bus than other persons but other people could drive it if they obtained permission. He testified he was not responsible for maintenance of the bus.

Before leaving on trip, he usually checked brakes and horn while bus was in parking lot. On day in question he was taking group of children to Muskogee to sing. At about 4:30 P.M., they boarded bus at church and left. He had no problems with brakes and made one complete stop and used brakes to slow down on numerous occasions. He was traveling about 50 or 55 miles per hour when he saw sign indicating he was one mile from toll gate. He took foot off of accelerator. He applied brakes when he was about one block, or 200 feet, from toll gate. At that time bus was going 20 to 25 miles per hour. The brake pedal went all the way to floor. He pumped brake and attempted to stop bus by shifting to lower gear. He had one foot on brake, one hand on steering wheel, and one hand on gear shift lever.

He used up one half of distance pumping brakes. The bus had an emergency brake but he did not have time to think of it.

He did not remember if lane to left of lane in which he was traveling was open. He was concentrating on stopping bus and only saw cars in front of him and large concrete pillars on right side of road.

He testified he imagined he panicked a little.

Other evidence indicated there was opening in pillars which defendant could have driven through, and he could have swerved to left and gone through other toll gate.

After accident he examined bus and determined he had lost brakes because of hole in brake line which allowed brake fluid to escape.

The area surrounding hole was brown and looked as if it had been burned. The only thing he observed which could have caused heat on the hose was the tail pipe. At that time tail pipe was touching brake line. Chrysler had worked on tail pipe about a week before accident. The accident occurred at approximately 5:20 P.M.

A highway patrolman testified he was parked beside road about 210 feet from turnpike gate. When the bus passed its door was closed but he could see driver

through glass. Driver appeared to be pumping brake and he heard noise which sounded like someone hitting floorboard. He saw fluid flying from back of bus. The bus was traveling 20 to 25 miles per hour and the driver looked panicky.

After accident he examined brake line and it was ruptured. The line was grayish black. It was not touching anything and was not more than four inches from tail pipe.

The service manager for Chrysler testified Chrysler worked on bus about a week before accident. They installed new tail pipe and worked on motor.

He examined bus after accident and tail pipe was about 3″ to 5″ from brake line hose. The brake line was old.

He examined brake line hose on day after accident and observed dark spot on hose which was probably caused by heat. In his opinion even if hose had been touching tail pipe, tail pipe would not have burned hole in brake line in 40 minutes to an hour.

The mechanic who installed tail pipe testified he installed it in original brackets which were 4″ to 6″ from brake line.

In his opinion tail pipe could have burned hole in brake line if brake line was old and had touched tail pipe for an hour. The tail pipe was only thing in area which produced heat.

Defendant's liability could be based upon theory he was responsible for brake failure and it was proximate cause of accident, or theory he was negligent in controlling vehicle after brake failure occurred.

47 O.S.1971 § 12–301(a) requires every motor vehicle operated upon a highway to be equipped with brakes adequate to control movement of and to stop and hold such vehicle, including two separate means of applying brakes.

■ We have held owner of automobile must exercise ordinary care to insure it is not in such condition as to become dangerous for use upon public highways, and his failure to use such care, and permitting ve-hicle to be used upon public highways is negligence. *Bush v. Middleton,* Okl., 340 P.2d 474.

■ If owner properly maintains brakes, he will not be liable for damages resulting from unexpected brake failure if he acts as a prudent person after failure occurs. *Weaver v. Hoster,* Okl., 459 P.2d 614.

Cases from other jurisdictions have adopted various rules with respect to brake failure. See Annotation, Automobiles-Liability-Defective Brakes, 40 A.L.R.3d 9. Some cases hold that where brakes are defective in violation of statute, burden shifts to defendant to produce evidence from which jury could find brake failure was not due to fault of defendant. *O'Donnell v. Maves,* 108 Ariz. 98, 492 P.2d 1205; *Bartlett v. Bryant,* 166 Colo. 113, 442 P.2d 425.

Most cases have not distinguished between liability of owner of automobile and liability of operator who is not owner of automobile.

In *John W. Simmons Trucking Co. v. Briscoe,* Okl., 373 P.2d 49, truck owner's employee took truck to garage and requested specific repair work for brakes without requesting complete check up of braking system. After repairs were made he drove truck onto highway without checking brakes. The first time he applied brakes they failed to work as result of additional defect and truck hit plaintiff's automobile. We held whether driver exercised all reasonable precautions to have brakes in working order was a question for jury.

In *Bryant v. Chasteen,* 121 Ga.App. 446, 174 S.E.2d 192, defendant was driving borrowed automobile when brake failure occurred. She testified she had no prior knowledge of any defects. In affirming judgment for defendant, the court distinguished prior cases wherein defendant was owner of automobile and stated:

"Here the defendant had merely borrowed the car, and there was no evi-

dence that she had any indication the brakes were defective up to the moment of the failure. In fact, her testimony that she had made several stops just prior to the failure was completely undisputed. The evidence was sufficient to support the verdict."

In *Harkins v. Doyle,* Or., 533 P.2d 785, defendant was driving a car which belonged to his brother. The brakes failed and he struck another car. He testified he had no difficulty with brakes prior to accident.

The court instructed jury on statute requiring motor vehicles operated on highways to be equipped with brakes adequate to control movement of and to stop the vehicle and instructed that violation of statute was negligence in and of itself unless defendant proved by the evidence he was acting as a reasonably prudent person under the circumstances. The court further instructed jury that defendant's negligence, if any, in operating the vehicle without adequate brakes and running the red light would depend on whether jury found "he knew or should have known that the brakes * * * were * * * faulty prior to the incident * * * In other words, Defendant would be negligent only if he failed to act as a reasonably prudent person under the same or similar circumstances."

In affirming a verdict for defendant the court considered these instructions and stated:

"The vehicle was * * * owned by defendant's brother. Prior to the accident, defendant had driven the car to work and then from Corvallis to Albany and return. During this period the brakes operated properly, both to control and stop the car. Therefore, we find no error in this portion of the instruction given."

■ In the present case defendant was not owner of the bus, but had driven it on numerous occasions. He had driven bus for 40 minutes to one hour prior to accident and brakes worked properly. He had no prior warning of defects in the brakes.

Under these circumstances we conclude plaintiff was not entitled to directed verdict on theory defendant was responsible for brake failure.

Trial court ruled defendant only set up defense that accident was unavoidable casualty occurring through no fault of defendant. He noted defendant's testimony was to effect defendant could have avoided accident but would have had to hit cement pillars. He concluded that since defendant could have avoided accident, it was not unavoidable accident.

Cases from other jurisdictions hold driver of automobile on which brakes fail has duty to exercise degree of care that could be exercised by ordinarily prudent person under same or similar circumstances. *McCleary v. Mowery,* 141 Ind.App. 672, 231 N.E.2d 165; *Leonard v. Harvey,* Colo.App., 505 P.2d 983.

Further, it has been held that whether failure to swerve or apply emergency brake constitutes negligence is for jury.

In *Daigle v. Prather,* 152 Colo. 115, 380 P.2d 680, the evidence indicated defendant's brakes failed when she was 3 or 4 car lengths behind plaintiff's car and traveling at speed of 20 to 25 miles per hour. Defendant testified accident happened too sudden to veer to side or use emergency brake. The court affirmed verdict for defendant.

In *France v. Peck,* 71 Wash.2d 592, 430 P.2d 513, defendant commenced slowing car 150 feet from intersection. His brakes failed. He testified he pumped brakes, but did not use emergency brake or horn because he did not have time to think of it and he was trying to steer through intersection. He failed to stop at red light and struck plaintiff's car.

The appellate court reversed directed verdict for plaintiff, stating:

"Furthermore, Peck's failure to sound his horn or apply his emergency brake cannot support the trial court's ruling. Whether it was possible or reasonable to do so in three to four seconds was likewise a question for the jury * * *"

In *Trudeau v. Sina Contracting Co.*, 241 Minn. 79, 62 N.W.2d 492, defendant's brakes failed when he was 105 to 110 feet from plaintiff's car and traveling 20 to 25 miles per hour. He attempted to stop his car by pumping brakes and shifting to a lower gear. He did not apply emergency brake. The court affirmed a verdict for defendant stating that whether defendant acted as a prudent person after brakes failed was a question for the jury.

In *Swope v. Fallen,* Ky., 413 S.W.2d 82, plaintiff applied brakes 600 feet from point of collision. Brakes went out when he was 250 feet from point of collision. He attempted to stop automobile by shifting to lower gear and pumping brake. He did not swerve or attempt to use emergency brake. The court held plaintiff was not entitled to directed verdict stating question of what a reasonably prudent person would have done under circumstances was one for the jury. See also, *Cudney v. Moore,* 163 Colo. 30, 428 P.2d 81; *McCleary v. Mowery,* supra.

■ We conclude issue of whether a reasonably prudent person in defendant's position would have swerved, or applied emergency brake, was a question of fact for jury to determine.

Certiorari granted, opinion of Court of Appeals vacated, and judgment of trial court reversed and remanded with directions to grant defendant a new trial.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, J., concurs by reason of stare decisis.