**Patricia Ann MURRY, Appellant,**

v.

**ADVANCED ASPHALT COMPANY,
and David Bernard Hebert,
Appellees.**

No. 65439.

Court of Appeals of Oklahoma,
Division No. III.

Nov. 24, 1987.

Rehearing Denied Dec. 22, 1987.

Certiorari Denied March 1, 1988.

Tom M. Cummings, Cummings and Cummings, Oklahoma City, for appellant.

Robert E. Black, Donaldson, Black, Cathey & Himmler, Oklahoma City, for appellees.

BAILEY, Judge:

This case comes on for review of judgment on a jury verdict rendered against Appellant Patricia Murry (Appellant or Murry) in her action to recover for personal injuries sustained in an auto accident. On August 14, 1984, Appellant was driving her car south on Council Road in Oklahoma City. Appellee David Hebert (Hebert) was driving a dump truck with trailer attached in the opposite direction. The truck and trailer were owned and operated by Appellee Advanced Asphalt Company (Company, or Appellee). As the two vehicles approached each other, the trailer detached from the truck, crossed the center line of the street, and struck Appellant's vehicle. Appellant suffered injuries to her person and vehicle, and filed suit against the Appellees for recovery of her damages sustained.

At trial, Appellant testified she did not see the trailer until it hit her, and no issue of comparative negligence was raised. The Oklahoma City Police Officer that investigated the accident opined that the trailer being towed was not properly secured to the truck, in that a safety pin apparently had not been placed in the trailer hitch latch, and that the safety chains required had not been properly attached. The Officer found no evidence on the safety chains to indicate stress on the chains indicative of a breaking of the chains.

Another Police Officer, an accident reconstructionist, testified that from his investigation, and in his opinion, the safety chains required for trailers were not attached. The reconstructionist also testified that if a bolt and nut had been placed in the trailer hitch latch, and the safety chains had been attached, the trailer would not have come loose. He also found no evidence of any stress to the safety chains. If the chains had been properly attached, he said, the driver would have felt a tugging or jerking when the trailer came loose from the hitch. The driver, Hebert, however, testified at deposition that he felt no jerk or tug before the accident.

The owner of Appellee Company, Edmonds, testified that he properly attached the trailer to the truck the morning before the accident by securing the trailer hitch latch with a nut and bolt, and properly attaching the safety chains. He testified that in his opinion, "metal fatigue or something" in the trailer hitch latch "gave way" and the safety chains either came loose or broke allowing the trailer to detach.

After presentation of the evidence, the court instructed the jury over objections by Appellant, and the jury returned a verdict for Appellees. Appellant filed her motion for new trial, therein attacking the instructions to the jury and the testimony of the owner, Edmonds, as perjured. In support of the allegation of false testimony, Appellant attempted to introduce a statement of a welder who had removed the trailer from the accident scene and had replaced the trailer hitch assembly at the direction of Defendant Edmonds. That statement indicated that when he first saw the trailer at the accident scene, the trailer hitch was undamaged, the safety chains were wrapped around the tongue of the trailer, and that only one of the safety chains had a hook for attachment to the towing vehicle. Appellant alleged that the welder's testimony could not have been obtained before trial as the company for which the welder had worked at the time had gone out of business. The Trial Court denied the motion for new trial, and this appeal ensued.

On appeal, Appellant asserts several propositions of error in three categories: (1) error in instruction of the jury, (2) error in denying the motion for new trial, and (3) error by the trial court in limiting Appellant's examination of certain witnesses. As we find error in the instructions to the jury, we do not reach the other allegations of error.

## I.

In the first category of asserted error, Appellant complains of (A) Instruction No. 10 regarding negligence *per se*,[1] and the

---

1. Instruction No. 10 provided:

    In addition to the duty to exercise ordinary

failure of the Trial Court to give Appellant's requested instruction thereon,[2] (B) failure of the Trial Court to give Appellant's requested instruction on *res ipsa loquitur*,[3] and (C) failure to instruct on the issue of punitive damages.[4]

### A.

None of the parties to this appeal take issue with the applicability of the doctrine of negligence *per se* to this appeal. Under that doctrine, the violation of an ordinance or statute is deemed negligence in and of itself if the injury (1) was caused by violation of the statute or ordinance, (2) was of the type of injury the ordinance or statute intended to prevent, and (3) the party injured was within the class of persons meant to be protected by the statute or ordinance. *Boyles v. Okla. Nat. Gas Co.*, 619 P.2d 613 (Okl.1980); *Shoopman v. Traveler's Ins. Co.*, 518 P.2d 1108 (Okl. 1974); *Gasko v. Gray*, 507 P.2d 1231 (Okl. 1973); *Garner v. Myers*, 318 P.2d 410 (Okl. 1957). Violation of state law in the operation of a motor vehicle constitutes negligence *per se*. *Garner v. Myers*, 318 P.2d 410 (Okl.1957).

While we have found no Oklahoma authority directly on point, we hold that the towing of a trailer without safety chains required by statute, resulting in injury to another if the trailer becomes detached, constitutes negligence *per se*. See, *Solomonson v. Melling*, 34 Wash.App. 687, 664 P.2d 1271 (1983) (negligent per se to operate trailer without safety chains required by administrative regulation.) We

care, there are also duties imposed by statutes. If you find that a person violated the following statutes and the violation was the direct cause of the injury, then such violation in and of itself would make such person negligent, *unless the defendant's [sic] proved by a preponderance of the evidence that they were acting as a reasonably prudent person would under 1 similar circumstances.*

*You are further instructed that the defendant's negligence, if any, in operating the vehicle with a defective hitching mechanism and chains is dependent upon whether the defendant's [sic] or either of them knew or should have known that the hitching mechanism and chains were defective. I find that the defendant's [sic] or either of them did not have such knowledge prior to the accident then said defendant defendants, who did not have such knowledge would not be negligent.*

There was in force and effect in Oklahoma at the time of the occurrence the following statutes:

47 O.S. Section 13–101:

No person shall drive or cause to be moved on any highway any motor vehicle, trailer, semitrailer or pole trailer, or any combination of vehicles, unless the equipment upon any and every said vehicle is in good working order and adjustment as required in this act and said vehicle is in such safe mechanical condition as not to endanger the driver or occupant or any person upon the highway.

47 O.S. Section 14–106:

Every trailer or semitrailer, shall be equipped with a coupling device which shall be so designed and constructed that the trailer, or semitrailer will follow substantially in the path of the vehicle drawing it without whipping or swerving from side to side. In addition, every such trailer or semitrailer shall be coupled with stay chains or cables to the vehicle by which it is being drawn with chains or cable shall be of sufficient size and strength to prevent parting from the drawing vehicle should the regular coupling device break or become otherwise disengaged.

OUJI–CIV 9.10 Modified

*Gowins v. Merrell*, 541 P.2d 857 (Okla.1975).

2. Appellant's requested instruction does not include the underlined portion of Instruction No. 10.

3. Appellant requested a *res ipsa loquitur* instruction identical to OUJI–CIV 9.13.

4. Appellant's Requested Instruction No. 21 on punitive damages, which was refused, was substantially identical to OUJI–CIV 5.5, and provided:

If you find in favor of Plaintiff, Patricia Murry, and grant her actual damages, and if you find the conduct of the Defendants, amounted to:

Gross negligence;

Malice (actual or presumed);

Evil intent; or

Reckless and wanton disregard of another's rights;

as defined herein, then you may, in addition to actual damages, grant Plaintiff, Patricia Murry, exemplary damages in such sum as you reasonably believe will punish Defendants, and be an example to others.

Exemplary damages are not to be construed as compensation to Plaintiff, Patricia Murry, but as punishment to the Defendant, s, [sic] and as an example to others to deter them from like conduct.

In no event should the exemplary damages exceed $2,000,000.00.

OUJI NO. 5.5

also hold that there is an absolute obligation imposed by state law that the safety chains must be "of sufficient size and strength to prevent parting [of the trailer] from the drawing vehicle should the regular coupling device break or become otherwise disengaged." 47 O.S.1981 § 14–106, supra. Failure to have chains of such strength also constitutes negligence *per se.* See, *Steele v. Commercial Milling Co.,* 50 F.2d 1037, 1038 (6th Cir.1931) (decided under Michigan law) (absolute obligation to have chains of sufficient strength). See also, *U–Haul Co. v. White,* 232 So.2d 705, 708 (Miss.1970) (jury justified in concluding coupling of trailer in defective way or use of defective chains or hitch).

■ Again, we have found no Oklahoma cases which address the precise facts of this appeal. In this state, the owner of a vehicle must use ordinary care to see that the vehicle is not in such a condition as to become dangerous for use on the highways of the state, failure in such duty of care constituting negligence. *Bush v. Middleton,* 340 P.2d 474, 478 (Okl.1959). In cases involving the use of vehicles with defective brakes, the courts of Oklahoma have held that the failure to maintain a vehicle in a safe operating condition in violation of Oklahoma statute may constitute negligence. See, *Bush v. Middleton,* supra; *Gowins v. Merrell,* 541 P.2d 857 (Okl.1975). Quoting from the Court's syllabus:

"The owner of a ... vehicle ... may be held liable to ... a third person for personal injuries or for damages caused by defective condition of the vehicle of which the owner had or should have had knowledge ..." *Bush v. Middleton,* 340 P.2d 474, 475.

■ Thus, an owner of a vehicle is liable for damages arising from a defective condition of his vehicle if the defect was readily discernible. *Simmons Trucking Co., Inc. v. Briscoe,* 373 P.2d 49 (Okl.1962). The owner may not escape liability for such injuries and damages if the owner knew or should have known of the defective condition of his vehicle which condition was discoverable through the use of ordinary care. *Bush v. Middleton,* supra; *Simmons*

*Trucking Co. v. Briscoe,* supra. *Once the plaintiff in such an action has established a prima facie case of negligence per se under the authorities herein, however, the burden of proof then shifts to the defendant to show an excuse therefrom.* *Garner v. Myers,* 318 P.2d 410, 413.

■ An examination of Instruction No. 10 reveals that while the instruction correctly sets forth the law of this state with regard to liability and excuses therefor, it does not adequately define the relative burdens of proof. While in the first sentence of the second paragraph of Instruction No. 10, the burden of showing the reasonableness of Appellees' acts is correctly placed on Appellees, the second sentence of the second paragraph of the instruction does not assign the burden of proof of showing the knowledge or discoverability of the asserted defect in the hitch and/or chains. Once Appellant shows that Appellees knew or should have known and/or discovered the defects in the hitch and chains through the exercise of ordinary care, the burden of proof then shifts to Appellees to show that they did not know of and could not have discovered the defect through the exercise of such care. Without a proper delineation of the relative burdens of proof of the claims and defenses, the jury could not make a proper determination of liability and/or excuses therefor. Such a misinstruction of the jury mandates reversal of the jury verdict.

#### B.

■ Appellant next asserts that the Trial Court erred in refusing to instruct the jury on the theory of *res ispa loquitur.* Under that doctrine, negligence may be inferred from the mere happening of an accident upon a showing that (1) the injury-causing instrumentality was under the exclusive care and control of the defendant and (2) the event causing the injury was of a kind which does not ordinarily occur in the absence of negligence. *St. John's Hospital School of Nursing v. Chapman,* 434 P.2d 160 (Okl.1967). A party may not base a claim on this theory where the party relies solely on specific acts or omissions of

the defendants to establish the claimed negligence. *McAlester Coca-Cola Bottling Co. v. Lynch*, 280 P.2d 466 (Okl.1955); *Billington Lumber Co. v. Cheatham*, 74 P.2d 120 (Okl.1937). Where, however, a party relies on both general and specific allegations of negligence, the doctrine is properly invoked. *Furr v. McGrath*, 340 P.2d 243 (Okl.1959).[5]

Under these authorities, we believe the Trial Court improperly refused to instruct on the theory of *res ipsa loquitur.* The basis for the application of that doctrine is founded on the proposition that the accident was of a kind which would not ordinarily happen in the absence of negligence. *St. John's Hospital School of Nursing,* supra. The cases reviewed herein and our previous holding establish that the parting of a trailer without proper equipment constitutes negligence per se. Thus, this accident is of a kind which would not ordinarily happen in the absence of negligence. Appellant is entitled to rely on his general allegations of negligence upon failure to establish the specific acts complained of, and the doctrine of *res ipsa loquitur* is applicable hereto.

### C.

Appellant also challenges the refusal of the Trial Court to instruct on the issue of punitive damages. We believe the Trial Court erred in failing to instruct on this issue, as punitive damages may be warranted where a party is found to be guilty of gross negligence or reckless and/or wanton disregard of another's rights. 23 O.S. 1981, § 9; *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42 (Okl.1984) (reckless disregard); *Dilworth v. Fortier,*

405 P.2d 38 (Okl.1965) (gross negligence or reckless disregard). The requested instruction was the approved instruction drawn from the Oklahoma Uniform Jury Instructions, No. 5.5. The Appellees themselves admitted that operation of a trailer as alleged by Appellant would constitute gross negligence and reckless disregard for the rights of others. Under these circumstances, and assuming arguendo that the jury would agree with Appellees' own assessment of their conduct, a punitive damage instruction was and is appropriate.

Due to the error in the instructions to the jury, however, the verdict for Appellee is therefore REVERSED, and this cause REMANDED for a new trial not inconsistent with this opinion.

HUNTER, J., concurs.

HANSEN, P.J., concurs in part, dissents in part.

HANSEN, Presiding Judge, concurring in part, dissenting in part:

I concur in Part A of the majority opinion reversing this cause based on erroneous instructions regarding negligence per se. However, I dissent to Part B wherein the majority holds the trial court should have instructed the jury on the theory of res ipsa loquitor. In my opinion, under the facts in this case, such an instruction is inappropriate.

---

**5.** Again, we find no Oklahoma authority directly on point with the facts of this case. Other jurisdictions are split on the applicability of the doctrine of *res ipsa loquitur* in cases involving the separation of a trailer from the towing vehicle. See, *National Union Fire Ins. Co. v. Wallace*, 118 S.W.2d 609 (Tex.Civ.App.1938) (doctrine not applicable where plaintiff relies on specific allegations of negligence including failure to properly fasten trailer to vehicle); *Siegler v. Kuhlman*, 3 Wash.App. 231, 473 P.2d 445 (1970)(doctrine not properly invoked where defendant asserted unavoidable mechanical failure as application of doctrine tended to de-emphasize defense). Contra, *Shaffer v. Adams*, 85 Idaho 258, 378 P.2d 816 (1963)(evidence of specific grounds of negligence strengthens permissible inferences under doctrine.)